[No. 10912.   Department One.   April 4, 1913.]

PACIFIC HARDWARE COMPANY, *Respondent*, v. O. E. OLSEN
*et al., Appellants.*[1]

CONTRACTS—BUILDING CONTRACTS—CONSTRUCTION—EXTRINSIC AID.
A contract for the construction of a courthouse which provided
that the contractor should furnish all the materials "except the
heating and electric work," construed in connection with the speci-
fications, made a part of the contract, which provided that he shall
furnish all rough hardware and "shall allow $500, for the purchase
of 'finishing hardware'" to be selected by the architect, requires
the contractor to furnish and pay for finishing hardware to the
amount of $500; and no extrinsic aid in construing the contract
is needed.

Appeal from a judgment of the superior court for Sno-
homish county, Bell J., entered June 8, 1912, upon findings
in favor of the plaintiff, in an action on contract tried to the
court.   Affirmed.

*Hathaway & Alston*, for appellants.

*Cooley & Horan* and *R. Mulvihill*, for respondent.

Gose, J.—This action was brought to recover a balance of
$556.11, for finishing hardware which the plaintiff sold and
delivered to the defendants Olsen and Mellen, which was used
by them in the construction of a courthouse, at the city of
Everett, in Snohomish county.   The firm of Olsen & Mellen
had a contract for the construction of the courthouse.   The
contract provides that:

"The contractor shall and will provide all the materials and
perform all the work for the construction and completion of
a court house  .  .  .  in the city of Everett  .  .  .  (ex-
cept the heating and electric work) as shown on the drawings
and described in the specifications prepared by Siebrand &
Heide, architects."

[1]Reported in 131 Pac. 217.

The specifications, which were made a part of the contract, contained this clause:

"Contractor shall furnish and install all construction rough hardware such as nails, spikes, bolts, sash weights, roller bearings, sash pulleys and copper sash chain, Tabor sash fixtures, etc. He shall allow $500 for the purchase of the finishing hardware, i. e. locks, butts, coat hooks, door stops, etc., to be selected by the architects."

The defendant Title Guaranty & Surety Company, as surety, and the contractors as principals, executed a bond to the state conformably to the provisions of the code, Rem. & Bal., § 1159. The plaintiff in due time filed notice of its claim with the county auditor as provided by Rem. & Bal. Code, § 1161. This action was brought upon the bond, and a judgment was entered in favor of the plaintiff for the full amount of its claim. The defendants have appealed.

The appellants contend that the contractors were not obligated to furnish any finishing hardware, but that the contract, read with the clause of the specifications which we have set forth, required the architect to select such material to be paid for by the county and $500 to be deducted from the contract price. The two quoted clauses must be read together. The contract proper provides that the contractor shall furnish *all* the materials and perform *all* the work for the "construction and completion" of the courthouse, "except the heating and electric work." The clause in the specifications does not designate either who shall furnish or who shall install the "finishing hardware." To determine upon whom these duties rest we must look to the body of the contract. We there find that these obligations are expressly imposed upon the contractors. It is significant, also, that the finishing hardware is not contained in the excepted items. While the clause in the specifications is not altogether clear, we think a fair and sensible construction means that the contractors shall furnish finishing hardware to the amount of $500 to be selected by the

architect, and that if they furnish more than that amount the county shall repay them the excess.

Section 1159 provides that the bond shall be conditioned "that such person or persons shall faithfully perform all the provisions of such contract and pay all laborers, mechanics and subcontractors and materialmen." The respondent has brought itself within the terms of the bond. The evidence is that it furnished the hardware to the contractors, and that it was actually used in the completion of the courthouse. The architect testified as to the meaning of the clause in the specifications. We do not think that, when the clauses are read together, any extrinsic aid is needed in their interpretation.

The judgment is affirmed.

CROW, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.